Ethiopia WOHABE, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 04–71862.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Judith Seeds Miller, Law Offices of David Neumeister, Bakersfield, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Mark Christopher Walters, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Amber Sax Rosen, Office of the U.S. Attorney, San Jose, CA, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Ethiopia Wohabe, a native and citizen of Ethiopia, petitions for review of the Board

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on Wohabe's submission of a fraudulent document that goes to the heart of her asylum claim. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004); *see also Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (upholding adverse credibility finding where at least one of the IJ's identified grounds was supported by substantial evidence and went to the heart of petitioner's claim of persecution). Accordingly, Wohabe failed to establish eligibility for asylum.

Because Wohabe failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Wohabe's CAT claim is based on the same evidence that the IJ found not credible, and Wohabe points to no other evidence that the IJ should have considered, her CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.